**FRANCISCO TOLENTINO**
Plaintiff, Pro Se
3859 S. Valley View Blvd., Suite 2 #200
Las Vegas, Nevada 89103
Telephone: (213) 713-3497
Email: tolentinolegalteam@gmail.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRANCISCO TOLENTINO,<br>Plaintiff,<br><br>v.<br><br>VINTAGE VEGAS GAMING, LLC,<br>d/b/a BINION'S GAMBLING HALL &<br>HOTEL,<br><br>Defendant. | **Case No. 2:26-cv-02180-JAD-DJA**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>(1) VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. SECTION 12182; AND<br><br>(2) VIOLATION OF NRS 651.075 AND NRS 651.090<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Francisco Tolentino, appearing pro se, files this First Amended Complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B) and alleges against Defendant Vintage Vegas Gaming, LLC d/b/a Binion's Gambling Hall & Hotel as follows:

## INTRODUCTION

1. This civil action arises from an incident on May 1, 2026, involving Plaintiff Francisco Tolentino and his trained service dog, Onya, at the Cafe Restaurant located within Binion's Gambling Hall & Hotel in Las Vegas, Nevada.
2. Plaintiff is an individual with a disability within the meaning of Title III of the Americans with Disabilities Act ("ADA") and Nevada law. Onya is a dog individually trained to perform seizure-detection tasks related to Plaintiff's disability.
3. Plaintiff alleges that, after he identified Onya as his service animal and explained the work or task she is trained to perform, Defendant's employee Soliyana Kassahun, also known as "Soli," requested paperwork or documentation for Onya three times.
4. Plaintiff brings this action under Title III of the ADA, 42 U.S.C. Section 12182, and Nevada's public-accommodation and service-animal statutes, including NRS 651.075 and NRS 651.090.
5. The monetary dispute previously alleged concerning hotel charges and Plaintiff's deposit has been resolved. Those charges and the deposit have been refunded or returned, and Plaintiff does not seek relief in this First Amended Complaint concerning those resolved monetary items.
6. This First Amended Complaint therefore narrows the action to the alleged service-animal documentation requests and the relief available under federal and Nevada law.

## JURISDICTION AND VENUE

7. This Court has federal-question jurisdiction under 28 U.S.C. Section 1331 because Plaintiff asserts a claim arising under Title III of the ADA, 42 U.S.C. Sections 12181 et seq.
8. This Court has supplemental jurisdiction under 28 U.S.C. Section 1367 over Plaintiff's

Nevada statutory claim because that claim arises from the same May 1, 2026 transaction and occurrence as Plaintiff's federal ADA claim and forms part of the same case or controversy.

9. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. Section 1391(b)(2) because the acts and omissions giving rise to Plaintiff's claims occurred in Las Vegas, Nevada.

**PARTIES**

10. Plaintiff Francisco Tolentino is an individual with a disability who resides in Las Vegas, Nevada and uses a trained service dog.

11. Defendant Vintage Vegas Gaming, LLC does business as Binion's Gambling Hall & Hotel and owned, operated, managed, and controlled the subject public accommodation at all times relevant to this action.

12. Binion's Gambling Hall & Hotel, including the Cafe Restaurant, is a place of public accommodation within the meaning of Title III of the ADA and NRS Chapter 651.

**FACTUAL ALLEGATIONS**

13. On May 1, 2026, at approximately 8:59 p.m., Plaintiff entered the Cafe Restaurant at Binion's accompanied by Onya.

14. Plaintiff was accompanied by John Davis, who was present during the interaction described below.

15. Upon arriving at the Cafe, Plaintiff encountered Defendant's employee Soliyana Kassahun, also known as "Soli," who was working as a hostess and acting within the course and scope of her employment for Defendant.

16. Kassahun asked Plaintiff whether Onya was a service animal.

17. Plaintiff answered that Onya was a service animal.

18. Plaintiff also explained that Onya is trained to perform seizure-detection work or tasks for Plaintiff.

19. After Plaintiff provided that information, Kassahun requested that Plaintiff provide paperwork or documentation for Onya.

20. Plaintiff explained that service animals are not required to carry or present certification or documentation.

21. Plaintiff further advised Kassahun that Binion's security personnel had already addressed Onya's status and had permitted Plaintiff to proceed onto the property with her.

22. Plaintiff alleges that, despite those explanations, Kassahun requested paperwork or documentation for Onya on two additional occasions, for a total of three requests.

23. At all relevant times, Onya was under Plaintiff's control, was housebroken, and did not pose a direct threat to the health or safety of others.

24. After the repeated requests for documentation, Plaintiff stated that he needed to sit down. Plaintiff and his party were ultimately seated, ordered food, and received restaurant service.

25. The repeated documentation requests nevertheless caused Plaintiff embarrassment, humiliation, emotional upset, distress, and disruption of his use and enjoyment of the Cafe and property.

26. Plaintiff prepared a contemporaneous written complaint and reported the incident to Defendant's personnel and management.

27. Defendant subsequently investigated the incident and became aware of Plaintiff's allegation that Kassahun requested service-animal paperwork or documentation three times.

28. Plaintiff acknowledges that Defendant disputes whether the three documentation requests occurred and that Kassahun's employee statement does not report making the alleged requests.

29. Since May 1, 2026, Plaintiff has returned to Binion's on multiple occasions and intends to continue patronizing Binion's in the future while accompanied by Onya.

30. Plaintiff has not received confirmation identifying what formal, durable corrective training, service-animal policy changes, or other measures, if any, Defendant implemented following the May 1, 2026 incident to prevent recurrence.

31. Because Plaintiff intends to continue patronizing Binion's with Onya, Plaintiff seeks

prospective relief reasonably calculated to ensure that Defendant's employees understand and comply with the requirements governing service animals during future visits.

**FIRST CLAIM FOR RELIEF**

*Violation of Title III of the Americans with Disabilities Act*

*42 U.S.C. Section 12182 and 28 C.F.R. Section 36.302(c)*

32. Plaintiff realleges and incorporates Paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is an individual with a disability within the meaning of the ADA, and Onya is a service animal within the meaning of 28 C.F.R. Section 36.104 because she is a dog individually trained to perform work or tasks directly related to Plaintiff's disability.

34. Defendant owns and operates a place of public accommodation subject to Title III of the ADA.

35. Title III prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation.

36. Under 28 C.F.R. Section 36.302(c)(6), a public accommodation may ask whether an animal is required because of a disability and what work or task the animal has been trained to perform, but it may not require documentation such as proof that the animal has been certified, trained, or licensed as a service animal.

37. Plaintiff alleges that, after he answered the permissible inquiries regarding Onya, Defendant's employee nevertheless requested that Plaintiff provide service-animal paperwork or documentation on three occasions.

38. Plaintiff alleges that the repeated documentation requests subjected him to an unlawful service-animal requirement and interfered with his full and equal enjoyment of Defendant's services in violation of Title III and its implementing regulations.

39. Plaintiff seeks prospective injunctive and other equitable relief under Title III. Plaintiff does not seek compensatory or punitive damages under the federal Title III claim.

**SECOND CLAIM FOR RELIEF**

*Violation of NRS 651.075 and NRS 651.090*

40. Plaintiff realleges and incorporates Paragraphs 1 through 39 as though fully set forth herein.

41. Defendant's hotel, casino, and Cafe Restaurant are places of public accommodation within the meaning of NRS Chapter 651.

42. NRS 651.075(1)(f) makes it unlawful for a place of public accommodation to require proof that an animal is a service animal or service animal in training.

43. NRS 651.075(2)(a) permits a place of public accommodation to ask whether an animal is a service animal or service animal in training and what tasks the animal is trained to perform.

44. Plaintiff answered those inquiries by stating that Onya was his service animal and that she was trained to perform seizure-detection work or tasks.

45. Plaintiff alleges that Defendant's employee thereafter requested that he provide paperwork or documentation as proof of Onya's service-animal status on three occasions.

46. Plaintiff alleges that the repeated documentation requests constituted requiring, or attempting to require, proof of Onya's status as a service animal contrary to NRS 651.075.

47. NRS 651.090 provides a civil remedy when a person withholds, denies, deprives, or attempts to withhold, deny, or deprive another person of a right or privilege secured by NRS 651.075.

48. By and through Kassahun, who was acting within the course and scope of her employment, Defendant allegedly interfered with or attempted to interfere with Plaintiff's rights and privileges secured by NRS 651.075.

49. As a direct and proximate result of the alleged conduct, Plaintiff alleges that he sustained actual damages, including compensable non-economic injury to the extent permitted by Nevada law, in an amount to be established through discovery and competent proof.

50. Plaintiff further seeks such equitable relief as the Court considers appropriate under NRS 651.090.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Francisco Tolentino respectfully requests judgment against Defendant Vintage Vegas Gaming, LLC d/b/a Binion's Gambling Hall & Hotel as follows:

A. Prospective injunctive relief requiring Defendant to maintain and implement service-animal policies, practices, and procedures consistent with 28 C.F.R. Section 36.302(c) and NRS 651.075;

B. Prospective injunctive relief requiring reasonable training or retraining of relevant public-facing personnel, including Cafe front-of-house personnel, regarding permissible service-animal inquiries and the prohibition against requiring service-animal documentation;

C. Actual damages recoverable under NRS 651.090 in an amount established by competent evidence and according to proof;

D. Such equitable relief as the Court considers appropriate under NRS 651.090;

E. Taxable costs and any attorney's fees actually incurred and legally recoverable under applicable law;

F. Prejudgment and post-judgment interest to the extent permitted by law; and

G. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

DATED this 11th day of August, 2026.

Respectfully submitted,

**/s/ Francisco Tolentino**

**FRANCISCO TOLENTINO**
Plaintiff, Pro Se
3859 S. Valley View Blvd., Suite 2 #200
Las Vegas, Nevada 89103
Telephone: (213) 713-3497
Email: tolentinolegalteam@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on August 11, 2026, I served a true and correct copy of the foregoing FIRST AMENDED COMPLAINT on counsel for Defendant by electronic mail pursuant to the parties' agreement concerning electronic service and by U.S. Mail, postage prepaid, addressed as follows:

Robert P. Molina, Esq.
PYATT SILVESTRI
7670 W. Lake Mead Blvd., Suite 250
Las Vegas, Nevada 89128
rmolina@pyattsilvestri.com

**/s/ Francisco Tolentino**

**FRANCISCO TOLENTINO**